# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ORLAN CHARLES HORNE,<br><br>     Plaintiff(s),<br><br>v.<br><br>ACD LTD., et al.,<br><br>     Defendant(s). | 2:12-CV-1142 JCM (GWF) |

**ORDER**

Presently before the court is defendant Westchester Surplus Lines Insurance Company's motion to dismiss. (Doc. # 8). Plaintiff filed a response (doc. # 14), and Westchester filed a reply (doc. # 21).

Also before the court is defendant Illinois Union Insurance Company's motion to dismiss. (Doc. # 9). Plaintiff filed a response (doc. # 15), and Illinois Union filed reply (doc. # 22).

Also before the court is defendant Ace American Insurance Company's motion to dismiss. (Doc. # 10). Plaintiff filed a response (doc. # 16), and Ace American filed a reply (doc. # 23).[1]

---

[1] Three motions to dismiss (docs. ## 8-10) are identical documents. The three defendants are represented by the same counsel. Counsel filed the exact same motion three times and just changed the name of the defendant in each motion. This is also true for each of the reply briefs (docs. ## 21-23). Additionally, each response to the motions to dismiss (docs. ## 14-16) are identical documents.

**James C. Mahan**
**U.S. District Judge**

Also before the court is defendant ACA INA Holdings Inc.'s motion to dismiss. (Doc. # 33). Plaintiff filed a response (doc. # 36), and ACA INA filed a reply (doc. # 39).

I.     **Background**

In or around April 2007, a "cherry picker" machine manufactured by Hidro-Grubert USA Inc., ("Hidro-Grubert") malfunctioned and injured plaintiff. (Doc. # 1, Compl. ¶ 20). Plaintiff filed a lawsuit against Hidro-Grubert in Nevada state court. (*Id.* at ¶ 24). It is unclear if Hidro-Grubert still operated in the United States at the time of the Nevada state court lawsuit. In any event, Hidro-Grubert never appeared and thereby defaulted. (*Id.* at ¶¶ 26-27).

Following the default, plaintiff obtained a judgment against Hidro-Grubert in the amount of approximately five million dollars. (*Id.* at ¶ 27). Hidro-Grubert is a wholly owned subsidiary of Andres N. Bertotto S.A.I.C. or Hidrogrubert. (*Id.* at ¶ 21). Hidro-Grubert maintained a policy of insurance with defendant ACE Seguros SA. (*Id.* at ¶ 22). These are the only specific facts alleged in the lengthy complaint. (*See id.*). The remaining assertions are conclusory and unsupported by any specific facts. (*See id.*).

The complaint names various companies that are alleged to be insurance companies and states they are part of the "Ace Group." (*Id.* at ¶¶ 2-19). Plaintiff alleges that the "Ace Group" actually insures Ace Seguros SA, which insures Hidro-Grubert. There are no specific facts whatsoever that connect the alleged tangled web of insurance companies or how Ace Seguros SA is connected with any other company in the "Ace Group."

Plaintiff has filed approximately six causes of action including breach of contract, negligence, breach of good faith and fair dealing, tortious breach of good faith and fair dealing, violations of Nevada's unfair practices in settling claims act, and intentional infliction of emotional distress. (*See id.* at ¶¶ 33-80).[2]

---

[2] It is difficult to tell the exact number of causes of action because plaintiff did not number them in his complaint. They are sprawling and unconnected. Further, it appears that plaintiff's causes of actions are really based on judicial assignment of claims from a state court, which has become this particular counsel's modus operandi. *See generally AAA Nevada Ins. Co. v. Chau*, 808 F.Supp.2d 1282 (D. Nev. 2010).

James C. Mahan
U.S. District Judge

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

## III. Discussion

This complaint with respect to every defendant besides ACE Seguros SA has alleged only conclusions. None of the sparse factual allegations allege a plausible claim of relief against any of the defendants other than ACE Seguros SA.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Plaintiff's allegations are based on the following theory: (1) plaintiff obtained a default judgment against Hidro-Grubert; and (2) plaintiff has been granted judicial assignment of any claims Hidro-Grubert may have against its insurer. Plaintiff specifically alleges that Hidro-Grubert was insured by Ace Seguros SA, an Argentinean company, and plaintiff was recently permitted to effectuate service on Ace Seguros SA via diplomatic channels. (*See* doc. # 49, order).

However, plaintiff has not alleged any specific facts that connect Hidro-Grubert or Ace Seguros SA to any of the other named defendants.[3] Plaintiff has alleged only that he believes Hidro-Grubert maintained additional lines of insurance. (Doc. #1, Comp. ¶ 23).[4] Plaintiff lumps together several insurance companies, says they are part of the "Ace Group," and says they must indemnify Hidro-Grubert.

These types of bald conclusory assertions are the exact type of assertions contemplated by *Iqbal* that cannot move the claims from the conceivable to the plausible. There are no specific facts alleged in the complaint to connect Ace Seguros SA to the alleged "Ace Group." Additionally, in plaintiff's response to the motions to dismiss, plaintiff merely states "it is no [sic] beyond the realm of possibility that they [sic] were an additional insured contract under a domestic surplus lines insurance policy." (Docs. # 14-16). Plaintiff has not crossed the line from the conceivable to the plausible. Therefore, defendants Westchester Surplus Lines Insurance Company, Illinois Union Insurance Company, Ace American Insurance Company, and ACA INA Holdings Inc. are dismissed from the action without prejudice.

. . .

. . .

. . .

---

[3] It appears plaintiff filed a lawsuit against any entity that may or may not provide insurance and has "Ace" in its name.

[4] To the extent plaintiff was requesting this court to permit discovery in his oppositions to the motion to dismiss, plaintiff did not make any arguments pursuant to Fed.R.Civ.P. 56(d). The court does find that any discovery, limited or otherwise, is warranted at this stage. *See Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

James C. Mahan
U.S. District Judge

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motions to

3    dismiss (docs. ## 8-10 & 33) be, and the same hereby, are GRANTED.

4    DATED February 5, 2013.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**