# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ORLAN CHARLES HORNE,

        Plaintiff(s),

v.

ACD LTD., et al.,

        Defendant(s).

2:12-CV-1142 JCM (GWF)

## ORDER

Presently before the court is defendants Ace, Ltd.'s and Ace Seguros, S.A.'s (collectively "defendants") motion to dismiss. (Doc. #52). Plaintiff Orlan Charles Horne ("plaintiff") has responded (doc. #55), and defendants have replied (doc. #56).

**I.    Background Facts**

The instant case concerns the plaintiff's ability to receive compensation for injuries he sustained in or around April 2007. During that time, Hidro-Grubert USA Inc., ("Hidro-Grubert") manufactured a "cherry picker" machine that malfunctioned and injured plaintiff. (Doc. # 1 at 5). Plaintiff filed a lawsuit against Hidro-Grubert in Nevada state court. (Doc. # 1 at 5). It is unclear if Hidro-Grubert still operated in the United States at the time of the Nevada state court lawsuit. In any event, Hidro-Grubert never appeared and thereby defaulted. (Doc. # 1 at 5-6).

Following the default, plaintiff obtained a judgment against Hidro-Grubert in the amount of $5,169,829.15. (Doc. # 1 at 6). Hidro-Grubert maintained an insurance policy with defendant ACE Seguros S.A. (Doc. # 1 at 5). When the Nevada state court awarded plaintiff default judgment,

**James C. Mahan**
**U.S. District Judge**

1  plaintiff was assigned the right to Hidro-Grubert's claims in the insurance policy.

2  Plaintiff now seeks indemnification from defendants as they insure Hidro-Grubert. Plaintiff alleges that Hidro-Grubert's policy of insurance with defendants can be located under either policy number 0820228, 823.773 or 818.984, "with liability limits in the amount of $4,000,000 per event." (Doc. # 1 at 5). Because plaintiff's accident is alleged to have occurred on April 19, 2007, the only policy that could be relevant is policy number 818.984 (the "policy"), which covered the policy period from October 9, 2006 to October 9, 2007. (Doc. # 52, ex. A).

ACE Seguros is an Argentinian company duly organized under the laws of Argentina. The policy was issued to Hidro-Grubert's parent company, Andres N. Bertotto S.A.I.C. ("Bertotto"), also an Argentinian company duly organized under the laws of Argentina. (Doc. #52 at 3). Notably, the policy states "any suit that is brought in relation with this agreement shall be settled before the competent ordinary courts of the jurisdiction where this policy was issued." (Doc. #52, ex. A). The policy was issued in Argentina. (Doc. # 52 at 4).

**II.  Legal Standard**

Under the Federal Rules of Civil Procedure, a defendant may rely on improper venue as a valid defense to a plaintiff's claim. FED. R. CIV. P. 12(b)(3). "A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3)." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). Furthermore, "the party seeking to avoid a forum selection clause bears a heavy burden to establish a ground upon which [the court] will conclude the clause is unenforceable." *AOL LLC*, 552 F.3d at 1083.

The U.S. Supreme Court recognized three reasons that would make enforcement of a forum selection clause unreasonable: (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; and (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought." *Richards v. Lloyd's of London,* 135 F.3d 1289, 1294 (9th Cir. 1998) (citing and

quoting *Bremen,* 407 U.S. at 12-13, 15, 18, 92 S.Ct. 1907).

In determining whether a party would be deprived of his day in court due to a forum selection clause, "courts are to consider a party's financial ability to litigate in the forum selected by the contract." *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1141-42 (9th Cir. 2003).

### III. Discussion

Defendants allege that this court is the improper venue for this matter. Defendants issued a policy of insurance to Bertotto, the parent company of Hidro-Grubert. The policy states, *inter alia*, that any lawsuit resulting out of the policy agreement shall be settled before the competent courts of the jurisdiction where the policy was issued; in this case, Argentina. Therefore, defendants assert that if plaintiff seeks legal action against defendants under the policy, he must do so in Argentina.

Plaintiff argues in response that it is unreasonable to enforce the forum selection clause set forth in the policy because plaintiff does not have the financial ability to litigate in Argentina. Plaintiff further alleges he suffers from physical pain that would make traveling difficult. Plaintiff has submitted an affidavit describing his financial situation and physical limitations. (Doc. #55, ex. 4). In the affidavit, plaintiff describes his monthly household income as $3,800, with his bills exceeding $4,000 monthly. Furthermore, plaintiff addresses his physical limitations including a hernia, "24/7 pain in [his] feet," and difficulty sleeping. Thus, plaintiff argues enforcement of the forum selection clause would deprive him of his day in court, thereby making enforcement of the clause unreasonable under the second prong of *Bremen.*

Plaintiff's arguments are misplaced. "An assignee of a claim against an insurance company can have no stronger claim than the assignor who assigned the claim." *See Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 670 (9th Cir. 2009). As an assignee, plaintiff cannot shift the *Bremen* inquiry to himself. *See Kostelac v. Allianz Global Corporate & Specialty AG*, 517 F. App'x 670, 676 (11th Cir. 2013).

In *Kostelac*, the court explained that when a plaintiff steps into the shoes of an assignee in an insurance policy, the plaintiff must stand in the same position as its assignor stood. *Id.* at 675-76. Therefore, in order to establish that a forum selection clause would be unreasonable, plaintiff must

- 3 -

**James C. Mahan**
**U.S. District Judge**

1  allege facts demonstrating the terms of the forum selection clause make it unreasonable to enforce
2  the clause against Hidro-Grubert, or its parent company Bertotto. Plaintiff has alleged no such facts.

3  Even if this were not the case, plaintiff's hardships do not rise to the level of
4  unreasonableness so as to deprive plaintiff of his day in court under *Bremen*. In the instant matter,
5  plaintiff has alleged a hernia in his abdomen, constant pain in his feet, and difficulty sleeping. While
6  all of these medical conditions pose an inconvenience to plaintiff in traveling, they cannot reasonably
7  be said to deprive him of his ability to pursue his claims.

8  Plaintiff has not satisfied his "heavy burden" of establishing a ground for the court to
9  conclude the clause is unenforceable. *See AOL LLC*, 552 F.3d at 1083. The court therefore finds the
10 forum selection clause reasonable and enforceable. Accordingly, venue is improper in the District
11 of Nevada and defendants' motion to dismiss for lack of proper venue is granted.

12 Accordingly,

13 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
14 dismiss (doc. #52) be, and the same hereby is, GRANTED.

15 DATED March 13, 2014.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE