# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ORLAN CHARLES HORNE,

        Plaintiff(s),

v.

ACD LTD., et al.,

        Defendant(s).

2:12-CV-1142 JCM (GWF)

## ORDER

Presently before the court is defendants Ace, Ltd.'s and Ace Seguros, S.A.'s (collectively "defendants") motion to dismiss. (Doc. #52). Plaintiff Orlan Charles Horne ("plaintiff") has responded (doc. #55), and defendants have replied (doc. #56).

**I.  Background Facts**

The instant case concerns the plaintiff's ability to receive compensation for injuries he sustained in or around April 2007. During that time, Hidro-Grubert USA Inc., ("Hidro-Grubert") manufactured a "cherry picker" machine that malfunctioned and injured plaintiff. (Doc. # 1 at 5). Plaintiff filed a lawsuit against Hidro-Grubert in Nevada state court. (Doc. # 1 at 5). It is unclear if Hidro-Grubert still operated in the United States at the time of the Nevada state court lawsuit. In any event, Hidro-Grubert never appeared and thereby defaulted. (Doc. # 1 at 5-6).

Following the default, plaintiff obtained a judgment against Hidro-Grubert in the amount of $5,169,829.15. (Doc. # 1 at 6). Hidro-Grubert maintained an insurance policy with defendant ACE Seguros S.A. (Doc. # 1 at 5). When the Nevada state court awarded plaintiff default judgment,

**James C. Mahan**
**U.S. District Judge**

1  plaintiff was assigned the right to Hidro-Grubert's claims in the insurance policy.

2  Plaintiff now seeks indemnification from defendants as they insure Hidro-Grubert. Plaintiff
3  alleges that Hidro-Grubert's policy of insurance with defendants can be located under either policy
4  number 0820228, 823.773 or 818.984, "with liability limits in the amount of $4,000,000 per event."
5  (Doc. # 1 at 5). Because plaintiff's accident is alleged to have occurred on April 19, 2007, the only
6  policy that could be relevant is policy number 818.984 (the "policy"), which covered the policy
7  period from October 9, 2006 to October 9, 2007. (Doc. # 52, ex. A).

8  ACE Seguros is an Argentinian company duly organized under the laws of Argentina. The
9  policy was issued to Hidro-Grubert's parent company, Andres N. Bertotto S.A.I.C. ("Bertotto"), also
10 an Argentinian company duly organized under the laws of Argentina. (Doc. #52 at 3). Notably, the
11 policy states "any suit that is brought in relation with this agreement shall be settled before the
12 competent ordinary courts of the jurisdiction where this policy was issued." (Doc. #52, ex. A). The
13 policy was issued in Argentina. (Doc. # 52 at 4).

14 **II.    Legal Standard**

15 Under the Federal Rules of Civil Procedure, a defendant may rely on improper venue as a
16 valid defense to a plaintiff's claim. FED. R. CIV. P. 12(b)(3). "A motion to enforce a forum selection
17 clause is treated as a motion to dismiss pursuant to Rule 12(b)(3)." *Doe 1 v. AOL LLC*, 552 F.3d
18 1077, 1081 (9th Cir. 2009) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.
19 1996)). Furthermore, "the party seeking to avoid a forum selection clause bears a heavy burden to
20 establish a ground upon which [the court] will conclude the clause is unenforceable." *AOL LLC*, 552
21 F.3d at 1083.

22 The U.S. Supreme Court recognized three reasons that would make enforcement of
23 a forum selection clause unreasonable: (1) "if the inclusion of the clause in the agreement
24 was the product of fraud or overreaching"; (2) "if the party wishing to repudiate the clause
25 would effectively be deprived of his day in court were the clause enforced"; and (3) "if
26 enforcement would contravene a strong public policy of the forum in which suit is
27 brought." *Richards v. Lloyd's of London,* 135 F.3d 1289, 1294 (9th Cir. 1998) (citing and

28

James C. Mahan
U.S. District Judge

- 2 -

1  quoting *Bremen,* 407 U.S. at 12-13, 15, 18, 92 S.Ct. 1907).

2  In determining whether a party would be deprived of his day in court due to a forum selection
3  clause, "courts are to consider a party's financial ability to litigate in the forum selected by the
4  contract." *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1141-42 (9th Cir. 2003).

5  **III.    Discussion**

6  Defendants allege that this court is the improper venue for this matter. Defendants issued a
7  policy of insurance to Bertotto, the parent company of Hidro-Grubert. The policy states, *inter alia*,
8  that any lawsuit resulting out of the policy agreement shall be settled before the competent courts
9  of the jurisdiction where the policy was issued; in this case, Argentina. Therefore, defendants assert
10 that if plaintiff seeks legal action against defendants under the policy, he must do so in Argentina.

11 Plaintiff argues in response that it is unreasonable to enforce the forum selection clause set
12 forth in the policy because plaintiff does not have the financial ability to litigate in Argentina.
13 Plaintiff further alleges he suffers from physical pain that would make traveling difficult. Plaintiff
14 has submitted an affidavit describing his financial situation and physical limitations. (Doc. #55, ex.
15 4). In the affidavit, plaintiff describes his monthly household income as $3,800, with his bills
16 exceeding $4,000 monthly. Furthermore, plaintiff addresses his physical limitations including a
17 hernia, "24/7 pain in [his] feet," and difficulty sleeping. Thus, plaintiff argues enforcement of the
18 forum selection clause would deprive him of his day in court, thereby making enforcement of the
19 clause unreasonable under the second prong of *Bremen.*

20 Plaintiff's arguments are misplaced. "An assignee of a claim against an insurance company
21 can have no stronger claim than the assignor who assigned the claim." *See Biltmore Assocs., LLC*
22 *v. Twin City Fire Ins. Co.*, 572 F.3d 663, 670 (9th Cir. 2009). As an assignee, plaintiff cannot shift
23 the *Bremen* inquiry to himself. *See Kostelac v. Allianz Global Corporate & Specialty AG*, 517 F.
24 App'x 670, 676 (11th Cir. 2013).

25 In *Kostelac*, the court explained that when a plaintiff steps into the shoes of an assignee in
26 an insurance policy, the plaintiff must stand in the same position as its assignor stood. *Id.* at 675-76.
27 Therefore, in order to establish that a forum selection clause would be unreasonable, plaintiff must

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

allege facts demonstrating the terms of the forum selection clause make it unreasonable to enforce the clause against Hidro-Grubert, or its parent company Bertotto. Plaintiff has alleged no such facts.

Even if this were not the case, plaintiff's hardships do not rise to the level of unreasonableness so as to deprive plaintiff of his day in court under *Bremen*. In the instant matter, plaintiff has alleged a hernia in his abdomen, constant pain in his feet, and difficulty sleeping. While all of these medical conditions pose an inconvenience to plaintiff in traveling, they cannot reasonably be said to deprive him of his ability to pursue his claims.

Plaintiff has not satisfied his "heavy burden" of establishing a ground for the court to conclude the clause is unenforceable. *See AOL LLC*, 552 F.3d at 1083. The court therefore finds the forum selection clause reasonable and enforceable. Accordingly, venue is improper in the District of Nevada and defendants' motion to dismiss for lack of proper venue is granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #52) be, and the same hereby is, GRANTED.

DATED March 13, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -